UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMIEN PHILLIPS, | Case No. 2:23-cv-00599-ART-BNW |
| Petitioner, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, | |
| Respondents. | |

Petitioner Damien Phillips, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 2-3). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Phillips's Motion for Appointment of Counsel (ECF No. 2-1).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Phillips challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Damien Phillips*, Case No. C-18-335500-1.[2] On May 6, 2020, the state court entered an

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth

1

amended judgment of conviction for conspiracy to commit burglary, conspiracy to commit robbery, six counts of burglary while in possession of a deadly weapon, nine counts of robbery with use of a deadly weapon, three counts of assault with a deadly weapon, and one count of assault with a deadly weapon, victim 60 years of age or older. The state court sentenced Phillips to an aggregate term of 24 to 80 years. The Nevada Supreme Court affirmed the conviction.

Phillips filed a state petition for writ of habeas corpus. *Damien Phillips v. State of Nevada*, Case No. A-21-831976-W. The state court denied his habeas petition and he did not appeal the denial of that petition. On October 13, 2021, Phillips filed another state petition, and the state court denied his second state habeas petition. The Nevada Court of Appeals affirmed the denial of relief finding his petition untimely and successive.

On April 19, 2023, Phillips filed his federal petition for writ of habeas corpus. (ECF No. 2-3.) The Court considered Phillip's IFP application along with the attached financial documents and conclude that he cannot pay the $5.00 filing fee. The IFP application (ECF Nos. 2, 4) will therefore be granted.

Turning to Phillips's motion for appointment of counsel (ECF No. 2-1) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and

---

Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at:
https://www.clarkcountycourts.us/Anonymous/default.aspx and
at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Phillips is serving a lengthy aggregate sentence term of 24 to 80 years. His petition may raise relatively complex issues, including equitable and/or statutory tolling and/or claims of actual innocence. It is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Phillips's motion for appointment of counsel is granted.

**IT THEREFORE IS ORDERED:**

1. Petitioner Damien Phillips's Motion for Appointment of Counsel (ECF No. 2-1) is granted.
2. Petitioner Damien Phillips's Application for Leave to Proceed *in forma pauperis* (ECF Nos. 2, 4) is granted.
3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Phillips or to indicate the office's inability to represent Phillips in these proceedings. If the Federal Public Defender is unable to represent Phillips, the Court will appoint alternate counsel. The counsel appointed will represent Phillips in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.
4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period

established. Phillips at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court will file Petitioner Damien Phillips's Petition for Writ of Habeas Corpus (ECF No. 2-3).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 13th day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE