UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMIEN PHILLIPS,<br><br>                               Petitioner,<br>     v.<br>NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                               Respondents. | Case No. 2:23-cv-00599-ART-BNW<br><br>ORDER |

This habeas matter is before the Court on Petitioner Damien Phillips's Motions for Appointment of Stand-In Counsel (ECF Nos. 15, 25), Motion to Amend Petition (ECF No. 24), Motions to Request Action (ECF Nos. 29, 31, 33), Motions to Extend (ECF Nos. 30, 34) and Petitioner's counsel's Motion to Withdraw (ECF No. 28). Also before the Court is Respondents' Motions to Strike (ECF Nos. 22, 27).

**Background**

Phillips challenges a 2020 state court conviction for conspiracy to commit burglary, conspiracy to commit robbery, six counts of burglary while in possession of a deadly weapon, nine counts of robbery with use of a deadly weapon, three counts of assault with a deadly weapon, and one count of assault with a deadly weapon, victim 60 years of age or older. The state court sentenced Phillips to an aggregate term of 24 to 80 years. The Nevada Supreme Court affirmed the conviction.

Phillips filed a state petition for writ of habeas corpus. The state court denied his habeas petition and he did not appeal the denial of that petition. On October 13, 2021, Phillips filed another state petition, and the state court denied his second state habeas petition. The Nevada Court of Appeals affirmed the denial

of relief finding his petition untimely and successive.

On April 19, 2023, Phillips filed his federal petition for writ of habeas corpus. ECF No. 2-3. The Court appointed counsel and set a briefing schedule, including a deadline to file an amended petition. ECF Nos. 10, 23.

**Discussion**

**I. Motion to Withdraw, Motions for Stand-by Counsel, Motion to Amend Petition, and Motions Requesting Action**

The Court confirmed the appointment of the Federal Public Defender through Laura Angeline Berrera, Esq. and Jonathan M. Kirshbaum, Esq. as counsel for Phillips, who now move to withdraw as counsel. ECF No. 28. Phillips clarifies that he seeks "stand-by" counsel for guidance and legal assistance, but that he would like to maintain full control and decision-making in his case. *See* ECF Nos. 15 at 2-3, 24 at 1-2, 25 at 2-3. Following discussions with appointed counsel, including discussion of the benefits of being represented by counsel and the disadvantages of proceeding *pro se*, Phillips understands that stand-by counsel is not an option in habeas cases, and it is his preference to proceed *pro se* in this matter. ECF No. 28-1.

Courts presiding over federal habeas petitions have the discretion to appoint counsel when justice so dictates. Phillips has no Sixth Amendment right to represent himself in this case because the right to self-representation does not apply to habeas proceedings. *See Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000). As the Supreme Court expressed in *Martinez*, "[t]he requirement of representation of trained counsel implies no disrespect for the individuals inasmuch as it tends to benefit the appellant as well as the court." *Id.* at 163.

In addition, Rule 6(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules"), instructs that the district court must appoint counsel "[i]f necessary for effective discovery." And under Habeas Rule 8, a district court must

appoint counsel if an evidentiary hearing is warranted. Although the Court makes no rulings as to whether a discovery or evidentiary hearing is warranted at this point, sound case management and efficient administration of justice militate in favor of appointing counsel earlier rather than later in a case where either is possible, particularly where, as here, Phillips's petition likely raises complex issues, including whether his claims are exhausted and/or procedurally defaulted, whether he can demonstrate cause and prejudice to overcome any procedural bars, and whether equitable and/or statutory tolling, and claims of actual innocence apply.

Although the Court understands that Phillips wants to proceed *pro se*, the procedural and substantive complexity of his habeas claims as well as the length of his sentence, reinforces the Court's decision to exercise its discretion to appoint counsel here. Phillips's proposed amended petition, alleging claims of ineffective assistance of counsel and unreasonable search and seizure, which spans more than 100 pages, demonstrates the complexity of his claims. ECF No. 32 at 23-137.

Phillips is reminded that counsel is not appointed as "stand-by" or "stand-in" counsel and counsel is under no obligation to restate and reassert each and every allegation that a petitioner desires to pursue. Rather counsel is appointed to exercise their independent professional judgment about which allegations, claims, and arguments they believe collectively present the best chance of success. *Cf. Jones v. Barnes*, 463 U.S. 745 (1983) (counsel is vested with the authority to determine which are the strongest issues and which should be "winnow[ed] out"). The Court cautions Phillips that refusal to cooperate with counsel will not be deemed a conflict-of-interest worthy of removing counsel. *McNeal v. Williams*, 2023 WL 418643, at *1 (9th Cir. Jan. 26, 2023) (agreeing with the district court that the interests of justice are best served by having counsel represent the petitioner in complex matter and the district court did not abuse

1 its discretion in denying petitioner's motion to dismiss counsel because of
2 petitioner's disagreement with counsel's decisions as to which claims to raise in
3 his § 2254 petition).

4 The Court encourages Phillips to communicate with counsel and work with them to develop his case as he has been granted a resource that many *pro se* litigants ask for but are denied. It remains in Phillips's best interest to communicate with his counsel as this district's local rules prevent the Court from entertaining *pro se* filings when a party is represented by counsel. Phillips may pursue this matter and communicate with the Court only through filings by counsel.

Because the Court finds that, on the current record, that appointment of counsel is in the interests of justice, the motion to withdraw is denied. Phillips's motions for stand-by counsel, motion to amend petition, and motions requesting action are denied.

## II. Motions to Strike

Respondents move to strike the *pro se* filings on the basis that petitioner cannot file papers in proper person while represented by counsel. ECF Nos. 19, 20, 21, 24, 24-1, 25, and 26. "It is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket. *Ready Transp. Inc. v. AAR Mfg. Inc.,* 627 F.3d 402, 404 (9th Cir. 2010). Accordingly, the Court grants Respondents' motions to strike.

## III. Motions to Extend

Despite filing a motion to withdraw, counsel for Phillips seeks an extension of time to file an amended petition. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motions. Phillips has until April 29, 2024, to file his amended petition.

**Conclusion**

It is therefore ordered that Petitioner Damien Phillips's Motions for Appointment of Stand-In Counsel (ECF Nos. 15, 25), Motion to Amend Petition (ECF No. 24) and Motions to Request Action (ECF Nos. 29, 31, 33) are denied.

It is further ordered that Phillips's counsel's Motion to Withdraw (ECF No. 28) is denied.

It is further ordered that Respondents' Motions to strike (ECF Nos. 22, 27) are granted. The Clerk of the Court is therefore ordered to strike ECF Nos. 19, 20, 21, 24, 24-1, 25, and 26 from the docket.

It is further ordered that Phillips's Motions to Extend (ECF Nos. 30, 34) are granted. Phillips has until April 29, 2024, to file his amended petition.

Dated this 25th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE