UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMIEN PHILLIPS, | Case No. 2:23-cv-00599-ART-BNW |
| Petitioner, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, | |
| Respondents. | |

This habeas matter is brought by Petitioner Damien Phillips. Respondents filed a Motion to Dismiss (ECF No. 53) the first amended petition as untimely, Grounds 1 and 2 as unexhausted, Grounds 3(A) and (B) as unexhausted, in part, and Ground 2 as procedurally defaulted. The Court finds equitable tolling is warranted and denies Respondents' Motion to Dismiss.

**I.    Background**

Phillips challenges a state court conviction for conspiracy to commit burglary, conspiracy to commit robbery, six counts of burglary while in possession of a deadly weapon, nine counts of robbery with use of a deadly weapon, three counts of assault with a deadly weapon, and one count of assault with a deadly weapon, victim 60 years of age or older. The state court sentenced Phillips to an aggregate term of 24 to 80 years. The Nevada Supreme Court affirmed the conviction.

Phillips filed a state petition for writ of habeas corpus. The state district court denied his state habeas petition and he did not appeal the denial of that petition. On October 13, 2021, Phillips filed another state habeas petition, and the state district court denied his second state habeas petition. The Nevada Court of Appeals affirmed the denial of relief finding his petition untimely and

1

successive.

On March 30, 2023, Phillips initiated this habeas corpus proceeding. ECF No. 2-3.  Following the appointment of counsel, Phillips filed his first amended petition on December 11, 2024, raising three grounds for relief. ECF No. 44. Respondents move to dismiss the first amended petition as untimely arguing that he filed his original *pro se* petition beyond the expiration of the one-year statute of limitations. ECF No. 53. In the alternative, Respondents argue that Grounds 1 and 2[1] are unexhausted, Ground 3(A) and (B) are unexhausted, in part, and that Ground 2 is procedurally defaulted. *Id.*

**II.    Discussion**

**a.  Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding, or other collateral review is pending. 28 U.S.C. § 2244(d)(2). No statutory tolling is permitted for the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Here, Phillips's conviction became final after the time expired for filing a petition for writ of certiorari with the United States Supreme Court on August 17, 2020.[2]  Phillips filed his state habeas petition on March 30, 2021, tolling the AEDPA clock.  As a result, 225 days elapsed between the finality of the judgment and the filing of the state habeas petition.  The state district court denied Phillips's state habeas petition on August 24, 2021. The time to appeal the order expired on September 27, 2021, but Phillips did not file an appeal. The remaining

---

[1] In their reply, Respondents withdraw their argument that Ground 2 is unexhausted. ECF No. 72 at 19.

[2] The Supreme Court extended the time to file certiorari from 90 days to 150 days due to the COVID-19 pandemic.

140 days of the AEDPA limitations period were statutorily tolled until September 27, 2021. The AEDPA clock restarted the following day and expired 140 days later on February 14, 2022.

The parties agree that Phillips filed his federal petition after the one-year limitation period under AEDPA expired. Phillips concedes that his federal petition was filed 409 days after the February 14, 2022, deadline. ECF No. 66 at 3. Phillips argues that he can overcome any timeliness bar because he is entitled to equitable tolling.

### b. Equitable Tolling

The one-year period of limitation of 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling does not stop the limitations clock the way that statutory tolling does.

An "external force"—not mere "oversight, miscalculation, or negligence"—must have caused the untimeliness. *See Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (citation omitted). In addition, a causal relationship must exist between the extraordinary circumstance and the late filing. *See, e.g., Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–599 (9th Cir. 2020).

A petitioner bears a heavy burden to show that he is entitled to equitable tolling, "lest the exceptions" to the timeliness requirement "swallow the rule." *Rudin v. Myles*, 781 F.3d 1043, 1054-55 (9th Cir. 2014) (internal quotation

omitted). However, the grounds for granting equitable tolling also are highly fact-dependent, *id.*, and the equitable doctrine is to be applied flexibly on a case-by-case basis, eschewing the mechanical rules. *Holland*, 560 U.S. at 649-50. As the Ninth Circuit observed in *Rudin*, "At bottom, the purpose of equitable tolling is to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having [his] day in court.'" 781 F.3d at 1055 (quoting *United States v. Buckles*, 647 F.3d 883, 891 (9th Cir. 2011)).

### i. State Habeas Proceedings and Prison Impediments

Phillips argues that he is entitled to equitable tolling because his state habeas proceedings were irregular as well as misleading and because the Nevada Department of Corrections ("NDOC") created impediments to filing, such as delay of legal mail, limited access to legal resources, a broken law library printer, and the failure to provide Phillips with glasses.

After the state appellate court affirmed his judgment of conviction in March 2020, Phillips filed a motion to withdraw his trial counsel from the case and requested that counsel provide Phillips with his case file. His counsel acknowledged to the state district court that he provided Phillips with his paper file, but that counsel did not send the trial transcripts to Phillips. ECF No. 50-24 at 4-7. Counsel could not send Phillips a hard drive, CDs, or DVDs because NDOC did not permit Phillips to possess them. It appears that counsel sent the trial transcripts to Phillips in December 2020. ECF No. 50-26 at 4.

Phillips filed his first state habeas petition in March 2021. The stamp on the envelope of the petition was dated March 18, 2021, and the state district court filed it on March 30, 2021. ECF No. 50-28. On April 1, 2021, the state district court instructed the State to respond to Phillips's state habeas petition and set the matter for hearing for June 7, 2021. ECF No. 50-31. On April 28, 2021, the state district court entered an order to transport Phillips to the court for the hearing. ECF No. 50-33. On May 4, 2021, Phillips mailed a motion

requesting his presence at the hearing and the motion was not filed until May 25, 2021.

The state district court held the hearing and denied Phillips's petition and accompanying motions. Phillips was not transported to the hearing. On July 8, 2021, the state district court filed a notice of motion from Phillips that included letters to the state district court judge. ECF No. 50-38. In a letter dated June 14, 2021, Phillips explained that he received the State's response to his petition and that he was in the process to responding to it but that it was "extremely difficult to respond as I have no law library access." *Id.* at 3. In addition, Phillips was "clueless as to the actions or any orders the judge made," at the hearing and requested a 45-day extension to respond to the State. *Id.* He requested the state district court order the prison to give him at least two hours a day in the law library because "unless there is a court order, we have no access to law library." *Id.* at 3-4.

In a letter dated June 29, 2021, Phillips provided that it was difficult not having the financial ability to buy stamps to mail his motions, and corrections officers refused to process his brass slips. ECF No. 50-38 at 9. He requested a continuance to file a reply to his petition, the minutes from the hearing, and a court order for access to the law library. *Id.* at 10.

On August 4, 2021, the state district court filed a motion for amended habeas corpus petition dated July 20, 2021, filed by Phillips. In the motion, Phillips expressed the difficulty of drafting his habeas petition without discovery and reiterated his need for counsel. ECF No. 50-39. He informed the state district court that his access to legal resources was "close to none." *Id.* at 5. On August 21, 2021, the state district court filed its Findings of Fact, Conclusions of law denying Phillips' state habeas petition.

On October 13, 2021, Phillips filed a second state habeas petition. ECF No. 50-43. In response to the form question asking why Phillips did not appeal an

adverse action on any petition, he provided that the "grounds were dismissed as bare and naked claims. So I got the evidence and re-filed." *Id.* at 5. In November 2021, the state district court entered a minute order that the State did not need to respond to the petition because it raised the same claims as were filed in the first petition. In the same minute order, the state district court denied Phillips's second state habeas petition "for the same reasons set forth in the Findings of Fact and Conclusions of law" denying his first state habeas petition.

On January 13, 2022, Phillips filed a notice of appeal. On February 1, 2022, the Nevada Supreme Court ordered the state district court to file a written decision. ECF No. 50-46. On March 7, 2022, Phillips filed a motion for enlargement of time requesting the record of appeal and more time to file his opening brief due to "covid and the kite and mail service to the law library, the cases needed to add to the opening brief are being delayed." ECF No. 50-47 at 4. Phillips informed the court that he had an eye issue, needed glasses, and that he has informed NDOC of his need for glasses. *Id.*

On March 22, 2022, the state district court filed its Findings of Fact, Conclusions of Law finding that Phillips "does not raise any new issues outside the previously denied first Petition," and adopted and incorporated its August 21, 2021, Findings of Fact, Conclusions of Law. On March 25, 2022, the Nevada Supreme Court filed an order concluding that "review of the complete record is warranted," and directed the clerk of the district court to file a certified copy of the complete trial court record. ECF No. 51-1 at 2. The Nevada Supreme Court granted Phillips' motion for permission to exceed page limit and filed his opening brief. ECF Nos. 51-7, 51-8. The court also indicated that the State did not need to file a response to Phillips's opening brief unless subsequently directed by the court. ECF No. 51-11.

On November 9, 2022, the Nevada Court of Appeals determined that Phillips's petition was untimely, successive, and procedurally barred. ECF No.

51-12. The state appellate court noted that Phillips "failed to address the procedural bars in his petition below, nor [did] he make any argument regarding them on appeal." *Id.* On December 7, 2022, Phillips submitted a letter requesting rehearing to the Nevada Court of Appeals, which was filed on December 14, 2022. ECF No. 51-15 at 9-11. Phillips explained to the Nevada appellate court that he sent a request to the law library for caselaw, and statutes cited in the decision, on the day that he received the order of affirmance. *Id.* at 9. On the same day, Phillips had an hour of library time, but the printers were broken, so Phillips had to handwrite notes, and the statutes cited by the Nevada Court of Appeals. In that context, he added, "I kindly request this to excuse me if I haven't satisfied any time constraint to turn this motion in to the court." *Id.*

In his request for rehearing, Phillips stated that he did not address the procedural bars because he did not know he was procedurally barred. ECF No. 51-14 at 15. On December 28, 2022, the request for rehearing was returned to Phillips unfiled because "a petition for rehearing may be filed within 18 days after the filing of the court's decision pursuant to Rule 36 unless the time is shortened or enlarged by order." *Id.* at 2. Phillips did not receive the rejection of his request for rehearing until January 19, 2023. ECF No. 15-51 at 2.

On January 29, 2023, Phillips sent a motion to recall the remittitur and request to file a petition for rehearing to the Nevada Supreme Court. ECF No. 51-15 at 2-8. Phillips reiterated to the Nevada appellate court that there was a lack of access to the law library, broken printers, unavailability of officers to sign brass slips required for mailing, and the prison's failure to deliver legal mail within 24 hours. *Id.* at 3-5. He provided that during November and December 2022, the prison was locked down and during lock downs, he did not have law library access. *Id.* at 4. On February 17, 2023, the Nevada Supreme Court denied his request, returning the petition as unfiled. ECF No. 51-16. Phillips mailed his federal petition on March 30, 2023.

Phillips provides that throughout his state court proceedings he needed glasses because he cannot see well up-close, and his eyes are sensitive to light. ECF No. 65-6 at 2. Despite first requesting glasses on June 15, 2021, and again on June 21, 2021, Phillips did not see an eye doctor until June 23, 2023, and did no receive glasses until July 7, 2023. ECF Nos. 65-1, 65-2, 65-4. Without glasses, Phillips could only read at certain times of the day when his cell was well-lit, and that he had to put his paperwork next to the window to read. He could only read for 10-15 minutes at a time before needing a break for about half an hour due to blurry vision. ECF No. 65-6 at 2.

In addition, Phillips was not able to go to the law library until 2022. *Id.* at 3. Before that, he had to send information request forms, where he would write down the case he wanted and then the law library would print it and send it to him. Phillips would request cases from court documents or cases his friends told him about. *Id.* at 3.

### ii.  Analysis

The Court finds that the specific circumstances and confluence of factors of Phillips's case warrant equitable tolling of the AEDPA limitations period. As discussed above, Phillips was not able to go to the law library until 2022. Before that, he had to send information request forms, where he would write down the case he wanted and then the law library would print it and send it to him. Phillips sent numerous requests for appointment of counsel to the state district court, detailed his lack of access to the law library and legal resources, and submitted multiple requests that the state district court order the prison to grant him access to the law library. Phillips also provides support for his contentions that he had difficulty reading and writing due to his issues with his eyesight and sensitivity to light and needed glasses, which he never received until after he filed his federal habeas petition in July 2023.

Equitable tolling may be appropriate where a court misleads a habeas

petitioner. *Pliler v. Ford*, 542 U.S. 225, 234 (2004); *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013) (petitioner entitled to equitable tolling where he reasonably relied on magistrate judge's extensions of time to file timely habeas petition). Although Phillips filed a second state habeas petition, rather than appealing the denial of that petition to the Nevada appellate courts, the state district court denied his second state habeas petition without indicating that it was untimely or successive, prolonging the state habeas proceedings.

Once Phillips knew that his second state habeas petition was untimely and successive, he acted with diligence to protect his rights. *Huizar*, 273 F.3d at 1224 (describing a petitioner as reasonably diligent even when he waited 21 months to hear from a state court before seeking an update). In just over four months after understanding that his second state habeas petition was untimely and successive and about just one month after the denial of his request for rehearing, Phillips was able to file a federal habeas petition. He managed to do so without counsel, without glasses to address his issues with eyesight, and without consistent access to the law library or to a librarian.

In addition, the Court observes that the delay here is not as lengthy compared to others that received the benefits of equitable tolling. *See Rudin*, 781 F.3d at 1053 (petition filed seven years after the deadline); *Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (three years).

Accordingly, the Court finds that the specific circumstances and confluence of factors of Phillips's case warrant equitable tolling of the AEDPA limitations period. On the facts presented, Phillips is owed his day in court.

### III.    Relation Back

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). An untimely amendment properly "relates back to the date of the original pleading" as long as it arises out

of the same "conduct, transaction, or occurrence." *Id.* "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650. The Court is "obligated to 'liberally construe[ ] documents filed *pro se*,'" like Phillips's original petition. *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (*en banc*).

Phillips argues that Respondents have waived any relation back argument because it was not raised in their motion to dismiss. Other than a footnote in their motion to dismiss stating that Respondents do not waive the relation back defense should the Court find that Phillips's petition is timely, Respondents did not identify particular claims in Phillips's amended petition that arguably do not share "a common core of operative facts," with timely filed claims. *Mayle*, 545 U.S. at 659. Respondents' failure to address their relation-back arguments on a claim-by-claim basis in their motion to dismiss deprived Phillips of a fair opportunity to address the relation-back arguments because, otherwise, the heart of the matter would not be reached until Respondents filed their reply brief. Respondents did not specifically allege what claim or facts don't relate back in

their motion to dismiss before Phillips could prove that they do. Phillips cannot respond to an allegation that is not actually made.

Respondents cite *Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020) for the proposition that petitioners have the burden of proving relation back. In *Ross*, the Ninth Circuit noted that the State filed a motion to dismiss which "contended that the amended petition's claims did not relate back to Ross's concededly timely original petition because the original petition lacked factual allegations." 950 F.3d at 1165. It was only the specific allegation as to why the claims in the timely petition failed to relate back that triggered the petitioner's burden to prove relation back. Indeed, the motion to dismiss in *Ross* contained a lengthy argument on relation back. Counsel for Ross was not required to guess which claims were at issue in order to file a response because the motion to dismiss was plead with specificity.

The Court's scheduling order instructed Respondents to raise all potential defenses in a single, non-sequential dismissal motion. The statute of limitations is an affirmative defense, and where the State fails to raise the defense to claims in an amended petition, the defense is waived. *See, Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005), *citing Nardi v. Stewart*, 354 F.3d. 1134, 1141 (9th Cir. 2004). Here, Respondents, by failing to state which, if any, claims in the amended petition do relate back (while simultaneously acknowledging the relation back doctrine) have waived the defense. Phillips can't be required to guess which claim or claims need to be proven to relate back, if any. Respondents misunderstand their burden; Respondents must set forth specific allegations of untimeliness or lack of relation back before Phillips is required to prove relation back. Accordingly, the Court rejects Respondents' argument that Grounds One, 3(A), and 3(B) do not relate back.

## IV.  Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim

before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

### a. Ground 3(A) is exhausted.

In Ground 3(A), Phillips alleges that there was insufficient evidence to support the use of the deadly weapon enhancement regarding Counts 3 through 13 where the State failed to prove that Phillips was actually armed with a deadly weapon in violation of his due process rights. ECF No. 44 at 14. Respondents argue that Ground 3(A) is unexhausted in part because Phillips failed to fairly present key factual allegations to the Nevada appellate courts on direct appeal. Respondents assert that Phillips relies on new facts, such as the surveillance footage from earlier robberies did not show a deadly weapon and that the prosecution charged Phillips's co-defendant with carrying a concealed pneumatic gun on a specific date, but did not charge either defendant for carrying a concealed weapon in earlier incidents.

The Court finds that Phillips's references to surveillance footage or the prosecution's decision to charge Phillips's co-defendant with carrying a concealed weapon does not fundamentally alter his claim. The allegations may add some further information, but nothing in Ground 3(A) fundamentally alters the exhausted claim or places it in a different and significantly stronger posture than when the claim was presented to the state courts. *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). Ground 3(A) is exhausted.

### b. Ground (B) is exhausted.

In Ground 3(B), Phillips alleges that there was insufficient evidence to support a burglary conviction based on Phillips walking into and back out of a grocery store. ECF No. 44 at 17. Respondents argue that Ground 3(B) is unexhausted in part because Phillips's allegations now hinge on testimony of Detective Karl Lippisch, which he did not allege in his direct appeal, to establish that Phillips's presence in the grocery store was for reconnaissance purposes only. Similar to Ground 3(A), the legal basis of the claim has not changed, and this claim is exhausted. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding the exhaustion requirement satisfied even though the precise factual predicate for the claim had changed after it was presented to the state courts because the change did not fundamentally alter the legal basis for the claim).

### V.    Procedural Default

Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g.,*

13

*Maples v. Thomas*, 565 U.S. 266, 280 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors … at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 596 U.S. 366, 379-80 (2022).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n. 3 (9th Cir. 2004). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel when the cause for the default is the ineffective assistance or absence of postconviction counsel in the initial postconviction proceedings in accordance with *Martinez v. Ryan*, 566 U.S. 1(2012). *Brown v. McDaniel*, 130 Nev. 565, 571-76 (2014). A Nevada federal habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Phillips asserts that he can demonstrate cause and prejudice to overcome the procedural default of Grounds 1 and 2.

### a. Ground 1

In Ground 1, Phillips alleges an ineffective assistance of counsel claim based on counsel permitting sentencing to proceed with a judge other than the one that presided over the trial. Here, it is clear that Phillips would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.,* NRS 34.726, 34.810. He advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claim. The Court thus reads Phillips's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective

assistance of counsel claims would be *Martinez*, and will consider the remaining grounds technically exhausted on that basis.

The Court defers ruling on whether the Ground 1 is procedurally defaulted given the fact-intensive nature of the claim and Phillips's cause and prejudice arguments. The Court finds that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Phillips can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Ground 1 as procedurally defaulted is denied. Respondents may renew the procedural default argument as to the remaining grounds in their answer.

**b. Ground 2**

In Ground 2, Phillips alleges that counsel rendered ineffective assistance for failure to move to suppress evidence obtained by means of a GPS tracker. Respondents argue that Ground 2 is procedurally defaulted because the Nevada Court of Appeals denied Phillips's second state habeas petition as untimely and successive. Phillips concedes that because Ground 2 was dismissed on procedural grounds on appeal, Ground 2 is procedurally defaulted. However, he asserts that he can show cause and prejudice to overcome the default.

Because the question of whether Phillips can overcome the procedural default of Ground 2 is intertwined with the merits of the claim, the Court defers its determination of whether Phillips can excuse the procedural default of Ground 2 until the time of its merits decision. The Court denies the motion to dismiss as to Ground 2 without prejudice to Respondents asserting the procedural default defense to the claim in their Answer.

**VI.    Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 53) is denied.

It is further ordered that the Court defers its determination of whether

Phillips can excuse the procedural default of Grounds 1 and 2 until the time of its merits decision. The Court denies the Motion to Dismiss as to Ground 1 and 2 without prejudice to Respondents asserting the procedural default defense to the claims in their answer.

It is further ordered that Respondents have until May 29, 2026, to file their answer.

It is further ordered that Phillips has 60 days after service of the answer to file his reply.

DATED THIS 31st day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

16